1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRIS EPPERSON,                          Case No.  1:22-cv-00855-SKO

12              Plaintiff,                     FIRST SCREENING ORDER

13        v.                                   ORDER FOR PLAINTIFF TO:

14   UNITED STATES, et al.,                    (1) FILE A FIRST AMENDED COMPLAINT;
                                                    OR
15              Defendants.
                                               (2) NOTIFY THE COURT THAT HE
16                                                 WISHES TO STAND ON HIS
                                                   COMPLAINT
17
                                               (Doc. 1)
18
                                               THIRTY-DAY DEADLINE
19

20

21        Plaintiff Chris Epperson is proceeding *pro se* and *in forma pauperis* in this action.

22   Plaintiff filed his complaint on July 11, 2022.  (Doc. 1).  Upon review, the Court concludes that

23   the complaint fails to state any cognizable claims.

24        Plaintiff has the following options as to how to proceed.  Plaintiff may file an amended

25   complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a statement

26   with the Court stating that he wants to stand on this complaint and have it reviewed by the

27   presiding district judge, in which case the Court will issue findings and recommendations to the

28   district judge consistent with this order.  If Plaintiff does not file anything, the Court will

                                              1

1  recommend that the case be dismissed.

2  ### I.    SCREENING REQUIREMENT

3    In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to

4  screen each case and shall dismiss the case at any time if the Court determines that the allegation

5  of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim

6  upon which relief may be granted, or seeks monetary relief against a defendant who is immune

7  from such relief.  28 U.S.C. § 1915(e)(2).  *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001)

8  (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune

9  defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has

10  discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v.*

11  *Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a

12  claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be

13  granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v.*

14  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

15    In determining whether a complaint fails to state a claim, the Court uses the same pleading

16  standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and

17  plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P.

18  8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

19  a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*,

20  556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A

21  complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack

22  of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See*

23  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a

24  minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice

25  of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g.*, *Brazil v. U.S.*

26  *Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th

27  Cir. 1991).

28    In reviewing the pro se complaint, the Court is to liberally construe the pleadings and

2

accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted his complaint using the general complaint form provided by this Court. The caption of the complaint lists the United States as the defendant. (Doc. 1.) The complaint lists as defendants: "FBI," "CIA," "DEA," and "Donald Trump." (*Id.* at 2–3.) Plaintiff has checked both federal question and diversity of citizenship as the basis of jurisdiction. (*Id.* at 3.) In the section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated, he lists the following: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and "Rehabi[li]tation Act, 29 U.S.C. [§] 791." (*Id.* at 4.) In the section directed to the basis for diversity jurisdiction, Plaintiff states he is a citizen of the State of California, but he does not provide citizenship information for the aforementioned defendants. (*Id.* at 4–5.) Plaintiff instead identifies Geoffrey Binriey as a defendant and alleges that Mr. Binriey is a citizen of the State of Texas. (*Id.* at 4.) Plaintiff lists the amount in controversy as "economic oppression 1 million dollars." (*Id.* at 5.) The statement of claim section states as follows: "economic discrimination based on sex gender nationality race and religion." (Doc. 1 at 5.) The requested relief section states as follows: "economic sanction embargo economic [sic] boycott equal opportunity employment discrimination forced labour bonded labour individuals." (*Id.* at 6.)

The Civil Cover Sheet lists the defendant as the United States and states that the county of residence for the defendant is "49 states FBI CIA DEA." The basis of jurisdiction is "U.S. Government Plaintiff." (*See id.*) The nature of suit is listed as "other civil rights." (*Id.*) The U.S. Civil Statute under which Plaintiff is filing is described as "472c," and the cause of action is described as "Article III Constitution." (*Id.*) Plaintiff has checked the box on the civil cover

sheet indicating this is a class action under Federal Rule of Civil Procedure 23, and he lists the demand as "zillion" dollars.  (*Id.*)

### III.    DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims.  Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

### A.    Rule 8

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly.  A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.  Here, the statement of claim section merely states, "economic discrimination based on sex gender nationality race and religion."  (Doc. 1 at 5.).  There are no factual allegations in the complaint that identify the basis for Plaintiff's Title VII and Rehabilitation Act claims.  Furthermore, a complaint is required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  Again, without any factual allegations, it is impossible to determine what Plaintiff is alleging has occurred or how the defendants are alleged to be responsible.

Further, Rule 8 requires that the complaint must state a demand for the relief sought.  Fed. R. Civ. P. 8(a)(3).  The relief requested in the complaint is "economic sanction embargo economic [sic] boycott equal opportunity employment discrimination forced labour bonded labour individuals," the meaning of which is unclear to the Court.  (*See* Doc. 1 at 6.)

4

1  Accordingly, Plaintiff needs to clearly articulate the relief that he is seeking in the action (e.g.,

2  damages or injunctive relief) if he elects to file an amended complaint.

3  ///

4          **B.      Plaintiff Cannot Maintain a Class Action**

5          Plaintiff's civil cover sheet indicates that the complaint is a class action under Federal

6  Rule of Civil Procedure 23.  (Doc. 1-1.)  As Plaintiff was previously advised, *see Epperson v.*

7  *Foreign Ministry Affairs*, No. 1:21–cv–00785–DAD–SKO, Doc. 4, Plaintiff cannot bring a class

8  action.  *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own

9  rights not those of third parties) (citing *Duke Power Co. v. Carolina Environmental Study Group*,

10  438 U.S. 59, 80 (1978)).   Plaintiff is a non-lawyer proceeding without counsel.   It is well

11  established that a layperson cannot ordinarily represent the interests of a class.  *See White v.*

12  *Geren*, 310 F. App'x 159, 160 (9th Cir. 2009) (upholding dismissal of class action claims because

13  Plaintiff, as a pro se litigant, was not able to act as an adequate class representative) (citing Fed.

14  R. Civ. P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the

15  interests of the class"); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (lay person

16  lacks authority to appear as an attorney for others)).

17          "[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from

18  pursuing claims on behalf of others."  *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir.

19  2008).  It does not appear from the face of the complaint that the statutory exception to this rule

20  permitting Plaintiff to prosecute an action on behalf of others is present.  *See id.* at 664 n.6.

21  Plaintiff's privilege to appear in propria persona is a "privilege [that] is personal to him [and] [h]e

22  has no authority to appear as an attorney for others than himself."  *McShane*, 366 F.2d at 288.

23  Therefore, unless Plaintiff can provide facts demonstrating he is statutorily authorized to pursue a

24  claim on behalf of a class, Plaintiff must amend his complaint to proceed as an individual litigant.

25          **C.      Legal Standards**

26          In the event Plaintiff amends his complaint, the Court provides the following legal

27  standards that may be relevant to his action:

28

1                    1.    Title VII

2           Title VII makes it unlawful for employers, employment agencies, and labor organizations

3    to discriminate against an individual based on the individual's race, color, religion, sex, or

4    national origin.   42 U.S.C. § 2000e-2(a)–(c).   To establish a prima facie case of intentional

5    discrimination (known as "disparate treatment") under Title VII, a plaintiff must show that: "(1)

6    he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an

7    adverse employment action; and (4) similarly situated individuals outside his protected class were

8    treated more favorably, or other circumstances surrounding the adverse employment action give

9    rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th

10   Cir. 2004).   While a plaintiff is not required to plead a prima facie case at the screening stage,

11   courts may review the allegations in light of the prima facie elements to determine whether a

12   plaintiff either sufficiently pleads an element of the prima facie case or provides enough factual

13   allegations that can lead the court to plausibly infer each element of the prima facie case. *Thomas*

14   *v. Sec'y of The United States Dep't of Veterans Affs.*, No. CV2102433JAKRAO, 2021 WL

15   2593643, at *3 (C.D. Cal. May 19, 2021), *report and recommendation adopted*, 2021 WL

16   2590160 (C.D. Cal. June 23, 2021) (internal citations omitted).

17                   2.    Rehabilitation Act

18          The Rehabilitation Act of 1973 was "amended to provide more comprehensive protection

19   for [people with disabilities] subjected to discriminatory treatment," including by extending "the

20   rights and remedies available under Title VII of the Civil Rights Act of 1964" to people with

21   disabilities. *Boyd v. U.S. Postal Service*, 752 F.2d 410, 412 (9th Cir. 1985).   To state a *prima*

22   *facie* case under the Rehabilitation Act, a plaintiff must demonstrate that (1) he is a person with a

23   disability, (2) who is otherwise qualified for the position, and (3) suffered discrimination because

24   of his disability. *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007)

25   **D.    Leave to Amend**

26          The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable

27   claims.   Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely

28   give leave [to amend] when justice so requires."   Accordingly, the Court will provide Plaintiff

6

1   with time to file an amended complaint, so Plaintiff can provide additional factual allegations.

2   *Lopez*, 203 F.3d at 1126–30.

3        Plaintiff is granted leave to file an amended complaint within thirty days.  If Plaintiff

4   chooses to amend his complaint, he must clearly state in the amended complaint his legal claims,

5   identify which defendant the claim is against, and allege facts that support and show that the

6   specific defendant engaged in conduct asserted as the legal basis for the claim.  Fed. R. Civ. P.

7   8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff

8   should note that although he has been given the opportunity to amend, it is not for the purpose of

9   changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607

10  (7th Cir. 2007) (no "buckshot" complaints).

11       Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v.*

12  *Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in

13  itself without reference to the prior or superseded pleading.  *See* E.D. Cal. L.R. 220.  Therefore, in

14  an amended complaint, as in an original complaint, each claim and the involvement of each

15  defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly

16  titled "First Amended Complaint," refer to the appropriate case number, and be an original signed

17  under penalty of perjury.

18       Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if he

19  believes that additional true factual allegations would state cognizable claims.  If Plaintiff files an

20  amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff

21  may choose to stand on his complaint subject to the Court issuing findings and recommendations

22  to a district judge consistent with this order.

23                    **IV.   ORDER**

24       Based on the foregoing, IT IS ORDERED that:

25      1.     Within thirty (30) days from the date of service of this order, Plaintiff shall either:

26           a.  File a First Amended Complaint; or

27           b.  Notify the Court in writing that he wants to stand on this complaint;

28      2.     If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the

amended complaint "First Amended Complaint" and refer to case number 1:22-cv-

00855-SKO; and

3.      Failure to comply with this order may result in the dismissal of this action.


IT IS SO ORDERED.

Dated:   **September 8, 2022**                          /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE